**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ROBERT L. SCHULZ and JOHN LIGGETT,

                Plaintiffs,

  v.                              No. 07-CV-943
                                      (LEK/DRH)

NEIL KELLEHER, individually and in his
official capacity; DOUGLAS KELLNER,
individually and in his official capacity;
EVELYN AQUILA, individually and in his
official capacity; and HELENA MOSES
DONAHUE, individually and in his official
capacity,

                Defendants.

---

**APPEARANCES:**                        **OF COUNSEL:**

ROBERT L. SCHULZ
Plaintiff Pro Se
2458 Ridge Road
Queensbury, New York 12804

JOHN LIGGETT
Plaintiff Pro Se
1040 1st Avenue #351
New York, New York 10022

PAUL M. COLLINS, ESQ.
Attorney for Defendants
40 Steuben Street
Albany, New York 12207

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

Plaintiffs pro se Robert L. Schulz and John Liggett ("plaintiffs") seek in this action to enjoin the methods buy which elections are conducted in New York State. Plaintiffs have named as defendants in both their official and individual capacities Neil Kelleher, Douglas

Kellner, Evelyn Aquila, and Helena Moses Donahue, the Commissioners of the New York State Board of Elections at the time of the commencement of this action. Kelleher has since died and the term as Commissioner ended. Kelleher and Donahue were replaced by James A. Walsh and Gregory P. Peterson. Presently pending are (1) plaintiffs' motion to substitute Walsh and Peterson as party-defendants for Kelleher and Donahue in both their official and individual capacities (Docket No. 338), and (2) defendants' cross-motion for leave to amend their answer to add the defense of qualified immunity (Docket No. 339). For the reasons which follow, plaintiffs' motion is granted in part and denied in part and defendants' cross-motion is granted. It is also recommended that the action be dismissed against Kelleher in his individual capacity.

## I. Plaintiffs' Motion to Substitute Parties

Plaintiffs seek leave to substitute new Commissioners Walsh and Peterson for Kelleher and Donahue in both their official and individual capacities. Under Fed. R. Civ. P. 25(d) provides that:

> An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

Thus, Walsh and Peterson must be substituted for Kelleher and Donahue in their respective official capacities under this rule. Defendants do not oppose such substitution in the parties' official capacities. See Collins Aff. (Docket No. 339-2) at ¶ 4. In their official

capacities, then, Walsh and Peterson shall be added as party-defendants to this action and the action as to Kelleher and Donahue in their official capacities will be terminated.

The substitution of Walsh and Peterson in their individual capacities requires a different analysis, however. Among other things, an action against any individual in his or her individual capacity may be commenced only upon the filing and service of a complaint naming such individuals as defendants and may survive a motion to dismiss or review under Fed. R. Civ. P. 8 and 10 only if the complaint contains allegations of fact sufficient to state a claim against such individual based on the individual's conduct rather than simply on his or her official position. See Fed. R. Civ. P. 8(a)(2). The complaint and a summons must be served on the individual sued to obtain jurisdiction over that individual. See Fed. R. Civ. P. 4. Where, as here, a plaintiff seeks to add new parties as defendants in their individual capacities after an action has been commenced, leave of court must be obtained to file an amended complaint adding the additional defendants. See Fed. R. Civ. P. 15. None of these events have occurred here.

In short, substitution of a successor in office is permitted under Rule 25 as to claims against a defendant in his or her official capacity. Substitution is not permitted for claims against any party in his or her individual capacity and requires the additional steps outlined above but not yet completed by plaintiffs. Accordingly, plaintiffs' motion is (1) granted to the extent that Walsh and Peterson are substituted for Kelleher and Donahue in their respective official capacities, and (2) denied without prejudice as to those parties in their individual capacities.[1]

---

[1] Thus, Kelleher and Donahue remain defendants in this action solely in their individual capacities and Walsh and Peterson shall be added to the action as defendants

As to Kelleher, it is noted that a Suggestion of Death was filed on April 29, 2009. Docket No. 333. More than ninety days have passed since the Suggestion was filed and plaintiffs have not moved to substitute an appropriate representative of Kelleher's estate for Kelleher as a defendant in his individual capacity. It appears, therefore, that the action may be dismissed against Kelleher in his individual capacity as well pursuant to Fed. R. Civ. P. 25(a)(1) and it is recommended to the district court that this be ordered.

## II. Defendants' Motion

Defendants seek leave to file an amended answer to add an affirmative defense of qualified immunity. Plaintiffs oppose the cross-motion (Docket No. 341), but under Fed. R. Civ. P. 15(a)(2), such motions "should [be] freely [granted] . . . when justice so requires." Here, the proposed amendment would add a standard defense to individual liability in this case, a standard defense in such instances. The cross-motion also comes at an early stage of the action and no conceivable prejudice will occur to plaintiffs if the relief is granted. Accordingly, finding that justice is best served by permitting the amendment requested by defendants, their motion for leave to amend is granted.

## III. Conclusion

For the reasons stated above, it is hereby

**ORDERED** that:

---

solely in their official capacities.

      1. Plaintiffs' motion to substitute Walsh and Peterson as party-defendants for Kelleher and Donahue (Docket No. 338) is:

      A. **GRANTED** as to the claims against Kelleher and Donahue in their official capacities and Walsh and Peterson shall be substituted for Kelleher and Donahue as party-defendants solely in their official capacities, the claims against Kelleher and Donahue in their official capacities shall be terminated, and Kelleher and Donahue shall remain as party-defendants to this action solely in their individual capacities;[2] and

      B. **DENIED** without prejudice as to the claims against Kelleher and Donahue in their individual capacities; and

      2. Defendants' cross-motion (Docket No. 339) is **GRANTED** and defendants shall file and serve their amended answer adding the affirmative defense of qualified immunity on or before **November 1, 2009**; and

      **IT IS RECOMMENDED** that the action be terminated as to Kelleher in his individual capacity and that, if this recommendation is adopted, the action be terminated against Kelleher in its entirety.

      Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE**

---

[2] It should be noted, however, that it is recommended herein that the action against Kelleher in his individual capacity as well be dismissed. See section I supra.

**REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

DATED:  October 13, 2009

_____
David R. Homer
U.S. Magistrate Judge