UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ROBERT L. SCHULTZ and
JOHN LIGGETT,

                              Plaintiffs,

        -against-                                     1:07-CV-0943 (LEK/DRH)

STATE OF NEW YORK, *et al.*,

                              Defendants.

## **ORDER**

        Presently before the Court is Plaintiffs' Motion objecting to and appealing from Magistrate

Judge David R. Homer's Confidentiality Order of February 16, 2010.  Pls.' Mot. (Dkt. No. 351).

For the reasons that follow, Plaintiffs' Motion is denied.


## I.      BACKGROUND

        Plaintiffs filed the instant action on September 12, 2007, seeking to enjoin Defendants from

conducting any election without ensuring that such election would be "open, verifiable, transparent,

machine-free and computer-free."  Am. Compl. (Dkt. No. 21) ¶ 246.  Essentially, Plaintiffs allege

that the voting machine equipment used by the New York State Board of Elections fails to

adequately ensure the proper counting of votes and thus infringes upon Plaintiffs' constitutional

rights.  Id. ¶¶ 228-62

        On February 3, 2010, Plaintiffs filed a submission seeking an order restraining Defendant

State of New York State Board of Elections "from avoiding their duty to respond" to Plaintiffs'

discovery production requests and requiring Defendants to inform the Court of documents they

assert as privileged and state the grounds for that privilege. Dkt. No. 346. In a supporting Memorandum of law, Plaintiffs argued that injunctive relief was necessary because the State had so far refused to provide responsive documents to Plaintiffs' legitimate discovery requests and had conditioned its compliance with these requests on Plaintiffs' entering into a Confidentiality Agreement that Plaintiffs found objectionable. See Dkt. No. 346-1.

Plaintiffs' filing was captioned "Order to Show Cause," but it was construed by the Court as a discovery motion, and its contents were discussed at a discovery conference held February 16, 2010 before United States Magistrate Judge David R. Homer. See Text Entry dated February 8, 2010. Subsequent to that conference, Magistrate Homer issued a Confidentiality Order (the "Order"). Dkt. No. 347. That Order forms the basis of Plaintiffs' instant appeal.

The Confidentiality Order requires that Defendants turn over to Plaintiffs all materials pertaining to the voting systems detailed in Plaintiffs' First Request for Production of Documents. Id. Under the Order, Defendants are to produce all responsive documents not subject to confidentiality and trade secret objections. Id. ¶ 1. The Order gives Defendants the right to designate information as confidential, and thereby bind Plaintiffs to certain restrictions on its dissemination and use; any party objecting to a "confidential" designation has the right to bring up such objection with the producing party so as to resolve the dispute. Id. ¶¶ 1, 2, 12. If the parties cannot agree to a proper designation, the objecting party may request that the Court intervene and designate an item as non-confidential. Id. ¶ 12.

Plaintiffs object to any confidentiality requirements on the materials they have requested and now seek appeal of the Magistrate Homer's Confidentiality Order. Plaintiffs first assert that "there can be no confidential trade secret 'rights' in the context of recording and counting votes in public

elections." Pls.' Mot. (Dkt. No. 351) at 3.  Next Plaintiffs object to the scope and content of the

Order.  Id. at 7-8.  Finally, Plaintiffs object to the State's alleged attempt to divorce itself from the

county Board of Elections, an issue not addressed in the February 16, 2010 Discovery Conference or

the challenged Confidentiality Order.


## II.      DISCUSSION

Plaintiffs purport to make their Motion appealing the Confidentiality Order (Dkt. No. 351)

pursuant to Federal Rule of Civil Procedure 72(b).  That Rule, however, pertains to dispositive

motions.  See FED. R. CIV. P. 72(b).  The challenged Confidentiality Order is, of course, not

dispositive of Plaintiffs' claims.  Therefore, the Court shall construe their Motion to be made

pursuant to section (a) of that same Rule, which allows a party to file objections to a magistrate

judge's order on a non-dispositive matter.  FED. R. CIV. P. 72(a).

When objection is made to a pretrial matter decided by magistrate judge pursuant to Rule

72(a), " [t]he district judge in the case must consider timely objections and modify or set aside any

part of the order that is clearly erroneous or is contrary to law."  Id.; see also 28 U.S.C. §

636(b)(1)(A).[1]  This is a highly deferential standard of review under which "magistrate judges are

afforded broad discretion and reversal is only appropriate if there is an abuse of discretion."  Grazio

v. Lape, No. 9:04-CV-084, 2005 WL 1176567 (N.D.N.Y. May 4, 2005) (Kahn, *J.*).  Applying this

standard, and upon consideration of Plaintiffs' objections, the Court has determined that the

Magistrate Judge was well within his discretion in issuing the Confidentiality Order.  Plaintiffs'

---

[1] In their Motion labeled "Order to Show Cause" (Dkt. No. 346), Plaintiffs purport to seek injunctive relief.  In fact, the Motion is clearly a non-dispositive discovery motion and has properly been construed as such since its filing.

Motion objecting to and appealing from that Order is, therefore, denied.

### III.    CONCLUSION

Based on the foregoing discussion, it is hereby

**ORDERED**, that Plaintiffs' Motion objecting to and appealing the Confidentiality Order of

February 16, 2010 (Dkt. No. 351) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:        June 04, 2010
              Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge