UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ROBERT L. SCHULZ and JOHN
LIGGETT,

                Plaintiffs,

   -against-                                    1:07-CV-0943 (LEK/DRH)

DOUGLAS KELLNER, Individually and
as Commissioner of the New York State
Board of Elections; EVELYN AQUILA,
Individually and as Commissioner of the
New York State Board of Elections,
HELENA MOSES DONAHUE,
Individually; JAMES A. WALSH,
as Commissioner of the New York State
Board of Elections; and GREGORY P.
PETERSON, as Commissioner of the
New York State Board of Elections,

                Defendants.

## DECISION and ORDER

**I.    INTRODUCTION**

Presently before the Court is Plaintiffs' Motion for reconsideration (Dkt. No. 385) ("Motion") of this Court's July 7, 2011 Memorandum-Decision and Order. Dkt. No. 383 ("July Order"). On August 26, 2011, Defendants have filed a Response in opposition to the Motion (Dkt. No. 387) ("Opposition"), and Plaintiffs have filed their Reply (Dkt. No. 388) ("Reply"). For the reasons that follow, the Court denies Plaintiffs' Motion.

**II.    BACKGROUND**

The Court presumes familiarity with the facts and procedural history of this case, which originated as a multi-state suit that included claims filed by over 150 *pro se* Plaintiffs from all fifty

states against their respective states, the states' boards of elections, and individuals involved in those states' election processes, asserting that the vote counting process for the 2008 elections violated their voting rights, contract rights, and constitutional rights.  On June 4, 2008, the Court dismissed fifty-one of the fifty-two actions, concluding that Plaintiffs lacked standing to sue defendants located outside their state, resulting in only New York Plaintiffs and Defendants remaining as parties to this action.  Dkt. No. 303.  On December 6, 2010, Defendants filed a Motion to dismiss for lack of subject matter jurisdiction, which the Court granted in the July Order.  For a complete history of this case, reference is made to the July Order.

## III.   DISCUSSION

### A. Standard of Review

The Court applies a strict standard when reviewing a motion for reconsideration, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  The Second Circuit has held that there are only three grounds upon which a court may grant a motion for reconsideration: (1) an intervening change in law; (2) the availability of evidence not previously available; and (3) the need to correct a clear error of law or to prevent manifest injustice.  Bath Petroleum Storage, Inc. v. Sovas, 136 F. Supp. 2d 52, 56 (N.D.N.Y. 2001) (Kahn, J.); see also Virgin Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992); Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983).  Reconsideration is not appropriate "when the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

Plaintiffs here do not seek reconsideration on the grounds of either an intervening change in law or availability of evidence not previously available.  Accordingly, the Court will address only whether the July Order should be reconsidered for clear error or manifest injustice.  Additionally, the Court will address only those arguments advanced by the Plaintiff that do not seek solely to relitigate matters already decided by the Court.

### B. Clear Error

Plaintiffs argue that the Court's dismissal of the Amended Complaint for failure to satisfy constitutional standing requirements is erroneous as a matter of law.  Pls.' Memorandum of law in support of motion to reconsider (Dkt. No. 385-1) ("Pls.' Mem.") at 2.  Plaintiffs argue that the Court erred in finding that the Plaintiffs failed to establish an injury to a cognizable interest that is concrete and particularized, as is required to establish standing.  Plaintiffs claim that their Amended Complaint alleged an injury to a "particular Right of their own, as distinguished from the public's interest in the administration of the law," because the Amended Complaint claimed a protected interest in having their own votes counted manually and publicly only at their polling stations, rather than at all polling stations statewide.  Id. at 3, 9.  As a result, Plaintiffs argue, the Court erred in finding that Plaintiffs failed to establish a concrete and particularized injury sufficient to establish injury-in-fact for the purposes of standing.

However, the text of the Amended Complaint contradicts this argument.  For example, the Amended Complaint alleges that "Defendant's voting procedures. . . will result in votes being cast only for party favorites at a time when *party insurgents* are clamoring for a place on the ballot," and "Defendant's voting procedures will deprive *party insurgents* of the right to have his or her voice heard. . . ."  Am. Compl. (Dkt. No. 21) ¶ 249, 250 (emphasis added).  Elsewhere, Plaintiffs state, "On election

3

day in jurisdictions with *every state. . . the voters* are prevented from accessing the ballots for the purpose of counting. . . . Unfortunately for the Plaintiffs, *and the balance of America*, the outcome of the upcoming series of primary elections poses a very real threat affecting the choices of *the American voters* in 2008. . . ." Id. ¶ 260 (emphasis added).  Plaintiffs also refer to the importance of manually counting votes that "have not been out of the *public* view so conducted at *each polling place*," and claim that their proposed system provides assurance "that all *voters* have cast an effective vote." Id. ¶ 263 (emphasis added).  Finally, Plaintiffs explicitly requested that the Court permanently enjoin Defendants from "conducting *any* caucus, primary, special, general or any other election... that does not rely exclusively on paper ballots, hand marked and hand counted. . . ." Id. ¶ 268.  The language shows that the injury of which Plaintiffs complain is abstract and widely shared by all voters in the state of New York.  Plaintiffs have therefore failed to identify any clear error of law in the July Order, and reconsideration on the basis of clear error is unwarranted.

### C.  Manifest Injustice

Plaintiffs also argue that their claims are not moot, and ask the Court to reconsider its finding to the contrary in order to prevent manifest injustice.  However, Plaintiffs offer no new evidence in support of this argument.  As a motion for reconsideration is not an opportunity to relitigate matters that have already been decided upon, the Court declines to grant Plaintiffs' Motion on the grounds of manifest injustice.  See Shrader, 70 F.3d at 257.

### IV.  CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiffs' Motion for reconsideration (Dkt. 385) is **DENIED**; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Order on all parties.

**IT IS SO ORDERED.**

DATED:   October 13, 2011
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge